**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GARY V. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-2787 (UNA) |
| | ) | |
| PROVIDENCE FIRE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Aside from a long list of defendants, the complaint merely states:

> <u>Plaintiff avers that DEFENDANTS are ASSAULTING PLAINTIFF. Fourteenth Amendment violations include: 1) Invidious Disparate treatment. 2) Producing false medical records. 3) Human Rights Violations. Damages include: Lost Productivity and Mental Exhaustion.</u>

Compl. (Dkt. #1) at 1 (emphasis in original).  Plaintiff demands an award of $200,000.  *Id*.

Wholly absent are factual allegations, "accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  This plaintiff fails to "plead[] factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged," *id*.

(quoting *Twombly*, 550 U.S. at 556), or that puts defendant on notice of the claims plaintiff

brings against it.  Furthermore, the complaint is practically identical to the pleading plaintiff has

filed in a prior case.  *See Jenkins v. BCBS of RI*, No. 1:23-cv-2721 (D.D.C. filed Sept. 18, 2023),

Dkt. 1.

Accordingly, the Court will DISMISS the complaint (Dkt. #1) and this civil action

without prejudice.  In addition, the Court GRANTS plaintiff's application to proceed *in forma

pauperis* (Dkt. #2) and DENIES as moot his motions for summary judgment (Dkt. #3) and to

issue a subpoena (Dkt. #4).  A separate order will issue.

DABNEY L. FRIEDRICH
United States District Judge

DATE: October 4, 2023